IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL TRADING, LLC, JACQUELINE TRADING, LLC, GABRIEL TRADING, LLC, LAWRENCE TRADING, LLC, GROSSPROPS ASSOCIATES, LLC, SCOTT Y. SCHILLER, CAROLINE G. SCHILLER, SHARON GROSSINGER, LAWRENCE R. GOULD, SUZANNE G. GOULD, GARY GROSSINGER, LAUREN GROSSINGER, THE IRWIN GROSSINGER TRUST, THE SGG AUTO TRUST, THE GG AUTO TRUST, THE CGS AUTO TRUST, GROSSINGER MOTORCORP, INC, and LUNT REALTY CORP., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 05 C 5513 Judge Robert W. Gettleman |
| THE DIVERSIFIED GROUP, INC., JAMES HABER, MOX TAN, ORRIN TILEVITZ, MCGLADREY & PULLEN, RMS MCGLADREY INC., PAUL BLAKELY, DAN WOLFE, ALPHA CONSULTANTS, INC., LLC, IRWIN ROSEN, IVAN ROSS, and LORD BISSELL & BROOK, LLP, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Samuel Trading, LLC, Jacqueline Trading, LLC, Gabriel Trading, LLC, Lawrence Trading, LLC, Grossprops Associates, LLC, Scott Schiller, Caroline Schiller, Sharon Grossinger, Lawrence Gould, Suzanne Gould, Gary Grossinger, Lauren Grossinger, The Irwin Grossinger Trust, The SGG Auto Trust, The GG Auto Trust, The CGS Auto Trust, Grossinger Motorcorp, Inc., and Lunt Realty Corp. filed a nine count complaint against defendants The Diversified Group, Inc. ("DGI"), James Haber, Mox Tan, Orrin Tilevitz, McGladrey & Pullen, RSM McGladrey, Inc., Paul Blakely, Dan Wolfe, Alpha Consultants, Inc., Alpha Consultants,

LLC[1], Irwin Rosen, Ivan Ross, and Lord Bissell & Brook ("Lord Bissell") in the Circuit Court of Cook County, Illinois. Defendants removed the suit to this court, claiming federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Plaintiffs have moved to remand. For the reasons set forth below, plaintiffs' motion is granted.

## BACKGROUND

Plaintiffs' complaint centers around a certain tax strategy that defendants developed, induced plaintiffs to engage in, and implemented. As a result of plaintiff's participation in the strategy, they became liable to the Internal Revenue Service ("IRS") for significant fees and penalties which they now seek to recover from defendants. Plaintiffs' nine-count complaint alleges: (1) declaratory judgment and unjust enrichment; (2) breach of contract and breach of the duty of good faith and fair dealing;
(3) breach of fiduciary duty; (4) fraud; (5) negligence; (6) negligent misrepresentation; (7) breach of contract; (8) declaratory judgment for IRS penalties and fines; and (9) civil conspiracy. Plaintiffs allege that defendants made several material omissions and misrepresentations regarding the strategy, including that they knew or should have known the strategy was illegal based on two IRS notices.

In the mid 1990s, DGI developed the tax strategy in question, which was implemented by Alpha. Participants in the tax strategy purchased "two digital" options. These options were contracts that obligated plaintiffs to either pay out a set sum of money, or receive a set sum if a designated stock reached a set strike price, without the stock changing hands.

---

[1]Alpha Consultants, Inc. and Alpha Consultants, LLC are collectively referred to as "Alpha"

Pursuant to instructions from DGI and Alpha, McGladrey and the remaining defendants recruited plaintiffs to participate in the strategy. According to the complaint, defendants informed plaintiffs they would receive significant tax savings by purchasing the options, and that an "independent" law firm, Lord Bissell, would prepare an opinion letter supporting the strategy. Plaintiffs allege that defendants informed them that this letter would insulate them against IRS penalties. Plaintiffs also allege, *inter alia*, that because of IRS Notice 1999-59 and IRS Notice 2000-44 defendants knew or should have known the tax strategy was illegal. The Lord Bissell letter briefly noted the notices, but claimed that the strategy discussed in the notices was not "the same as or substantially similar to" the defendants' recommended tax strategy. Plaintiffs allege that other than the discussion of these notices in the law firm's opinion letter, defendants never mentioned the notices or their implications.

Plaintiffs also allege that defendants made several material omissions and misrepresentations. Defendants did not inform plaintiffs about their fee sharing arrangements, which included referral fees for recruiting plaintiffs into the strategy, fees for implementing the strategy, and fees to Lord Bissell that were based on a percentage of plaintiffs' investment. According to the complaint, defendants also informed plaintiffs that there was a reasonable chance for a pre-tax gain, or a pre-tax loss on the options contracts, when in actuality the chance of receiving a payout on the options was virtually nonexistent. The strike points of the two options differed by fractions of a penny, and were designed so that when one option paid out, the other necessarily must be paid on. Unless the price of the stock in question was valued at the area between the two options, which had a span of less than one cent, the option holders would not receive a pay out without having to pay a similar amount. The already slim chance of a

payout was further reduced because Refco[2] had significant control over the reference point, which was chosen by Refco from within a designated fifteen minute time window. Plaintiffs also allege they were unaware that the options were designed to expire worthless.

Plaintiffs entered into the tax strategy, and were audited by the IRS in 2001. Plaintiffs settled with the IRS, paying the taxes avoided by participating in the strategy along with, interest and penalties. The underlying bases of plaintiffs' claims are defendants' incorrect interpretation of federal tax law, the failure to adequately inform plaintiffs of the IRS notices, failure to disclose the true relationship between defendants, and misrepresenting the actual chance of a payout on the options.

## **DISCUSSION**

In actions brought in state court, defendants may remove civil actions over which federal courts have original jurisdiction. 28 U.S.C. § 1441. Federal subject matter jurisdiction requires the presence of either diverse parties or a federal question that "arises under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The removing party has the burden of establishing federal jurisdiction. Wong v. Boeing Co., No. 02 C 7865, 2003 U.S. Dist. LEXIS 15685 (N.D. Ill. 2003). The "removal statute should be construed narrowly and against removal." Ill. v. Kerr-McGee Chem. Corp., 677 F.2d 571 (7th Cir. 1982). "Any doubt regarding jurisdiction should be resolved in favor of the states." Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993). In the instant case, because all parties concede the absence of diversity

---

[2] Refco refers to Refco Capital Markets, LTD, and Refco Capital, LLC. Refco was a party to the original suit, but was dismissed prior to removal.

jurisdiction, the issue of removal turns on the question of whether there is an appropriate federal question.

Federal question subject matter jurisdiction is decided by looking at the well pleaded complaint. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S.1, 27 (1983). Jurisdiction is present if "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded claims." Id. at 13. Most cases invoking federal question jurisdiction state a federal claim, but the absence of a federal claim is not a bar to federal court. Grable & Sons Metal Prod. Inc. v. Darue Engr. & Mfg., ___ U.S. ___,125 S. Ct. 2363, 2368 (2005). In Grable, the plaintiff brought a quiet title action against the defendant, who had purchased the plaintiff's land at an IRS sale due to tax delinquency. Id. at 2366. The plaintiff contended that the notice given him by the IRS was insufficient under a federal tax statute, raising the issue of the correct interpretation of tax law. Id. The Court held that removal was proper under federal question jurisdiction because the disputed federal issue was substantial, and that the government had a strong interest in the correct interpretation of federal tax law. Id. at 2368. When there are state law causes of action, the test for federal-question jurisdiction is, "[D]oes a state law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. Because in the instant case there are no federal claims, removal is proper only if the Grable test is satisfied.

In the present case, defendants argue there are substantially disputed federal questions because the complaint frequently alleges that defendants incorrectly interpreted the tax law, and because the tax statutes are frequently referenced. Defendants also contend that it is necessary to

determine the legality of the tax strategies for plaintiffs to prevail on any of their claims. Defendants rely on Becnel v. KPMG LLP, 387 F. Supp. 2d 984 (D. Ark. 2005), to support their position, in which the plaintiffs engaged in a similar tax strategy that the defendants alleged would "more likely than not" withstand scrutiny by the IRS. Id. at 985. The court in Becnel held that a determination of the legality of the tax strategy was necessary for the plaintiffs to prevail on their state law claims, and denied the plaintiffs' motion to remand. Id. at 986.

Plaintiffs contend that federal jurisdiction is not proper because the Grable test is not satisfied. Plaintiffs first contend that there is no dispute over the interpretation of tax law in this case because the IRS notices clearly indicated that the tax strategy was illegal, and that the IRS settlement conclusively shows that the matter is settled.[3] Plaintiffs further contend that jurisdiction would not be consistent with congressional judgment about the division of labor between state and federal courts. Plaintiffs support their argument that remand is proper in the instant case by citing numerous cases from other districts with similar underlying facts that were remanded to state court, many of which expressly reject Becnel.[4]

---

[3] Plaintiffs cite Maletis v. Perkins & Co., P.C., No. CV-05-820-ST, 2005 U.S. Dist. LEXIS 21444 (D. Or. 2005) to support this allegation, where the court held that because of plaintiffs' settlement with the IRS there was no dispute of federal law.

[4] *E.g.*, Cantwell v. Deutsche Bank Sec., Inc., No. 3:05-CV-1378-D, 2005 U.S. Dist. LEXIS 20597 (D. Tex. 2005) (granting motion to remand because federal dispute was not a necessary element of claims, therefore not substantial), Sheridan v. New Vista, LLC, No. 1:05-CV-428, 2005 U.S. Dist. LEXIS 22637 (D. Mich. 2005) (granting motion to remand because only reasonableness of interpretation called into question, therefore no dispute), Baker v. BDO Siedman, LLP, 390 F. Supp. 2d 919, 920 (D. Cal. 2005) (granting motion to remand because federal issue was not a necessary element of claims), Maletis v. Perkins & Co., P.C., No. CV-05-820-ST, 2005 U.S. Dist. LEXIS 21444 (D. Or. 2005) (remanding because IRS settlement evidenced no dispute over tax notices), Robinson v. Deutsche Bank AG, No. W-05-CA-270 (W.D. Tex. filed Oct. 19, 2005) (remanding because disputed federal issues were not

(continued...)

First, this court disagrees with plaintiffs' contention that the settlement with the IRS precludes any dispute over the correct interpretation of the tax notices. In <u>Cantwell v. Deutsche Bank Sec., Inc.</u>, No. 3:05-CV-1378-D, 2005 U.S. Dist. LEXIS 20597 (D. Tex. 2005), the court responded to a similar argument by stating that "IRS notices are not binding on this or any court." Simply contending that the IRS has declared its position on the notices does not make the correct interpretation settled law. Some courts have remanded cases with similar facts based on the notion that only the reasonableness of the interpretation was at issue. <u>See</u> <u>e.g</u>. <u>Sheridan v. New Vista, LLC</u>, No. 1:05-CV-428, 2005 U.S. Dist. LEXIS 22637 at *13 (D. Mich. 2005). Close examination of the complaint in the instant case, however, reveals that the actual interpretation of the statute is called into question. Plaintiffs contend that defendants gave "improper and incorrect tax advice," which necessitates an inquiry into the proper and correct advice based on federal law. Defendants also claim that the legality of the strategy will be called into question not only to establish the elements of plaintiffs' claims, but also to show damages, since plaintiffs are seeking the reimbursement of IRS penalties. Because the correct interpretation of the federal tax notices is questioned in this case, this court finds that there is a disputed federal issue.

Nonetheless, although this case may present a dispute over the correct interpretation of federal law, removal is not proper if the dispute is insubstantial. In the present case, close

---

[4](...continued)
substantial). <u>Acker v. AIG Int'l, Inc.</u>, 398 F. Supp. 2d 1239 (D. Fla. 2005) (remanding because reasonableness of interpretation called into question, therefore no dispute), <u>Ling v. Deutsche Bank AG</u>, No. 4:05CV345, 2005 U.S. Dist. LEXIS 31734 (E.D. Tex. 2005) (remanding because only reasonableness of interpretation at issue, and also not consistent with division of labor), <u>Stechler v. Sidley Austin Brown & Wood, LLP</u>, No. 05-3485, 2006 U.S. Dist. LEXIS 1148 (D.N.J. 2006) (remanding because not substantial, and not consistent with division of labor).

7

examination of plaintiffs' complaint reveals that while there may be a dispute over a federal issue, the dispute is not substantial. It is settled that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharm., Inc. v. Thompson, 478 U.S. 804, 813 (1986). A federal issue in a state law claim is substantial only if plaintiffs' right to relief "necessarily turns on some construction of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S.1, 9 (1983). A federal issue is not substantial if it appears only in an alternate argument for relief. If a claim can be supported independently by both state and federal law theories, "federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th Cir. 1996).

While the question of the proper interpretation of the law is present in some of plaintiffs' claims, it is not necessary to establish an element of any claim. For example, Count I of plaintiffs' complaint alleges lack of consideration because there was no chance of a payout in the options contract. The tax notices are not mentioned, nor are they relevant to this claim. In Count II, plaintiff's claim for breach of contract and the duty of good faith and fair dealing, the interpretation of the tax law makes an appearance, but is not necessary to prevail. Plaintiffs allege liability based on failure to disclose the relationship between the parties, chance of payout, the extent of defendants' control in determining a payout, and that there was no reasonable possibility of a profit. Of the two allegations that involve the federal law, one merely alleges that defendants failed to analyze the notices, which does not require any interpretation of the law. For this count, only one independent theory of relief involves a dispute of federal law, while the other seven theories do not.

Count III alleges that defendants breached their fiduciary duty by failing to disclose the roles of the parties, chance of payout, fee sharing, and the details of the strategy, in addition to the allegation that defendants "knew or should have known" the strategy was illegal. Plaintiffs can establish this claim by showing failure to disclose the roles of the parties, and need not show what the proper interpretation of the notices would have been. Thus, even if defendants were somehow able to demonstrate that the IRS notices were incorrect, defendants' failure to disclose the notices and other alleged breaches of duty would result in liability. In the same vein, the remaining counts of the complaint either do not present a federal question, or present the question only as an alternate theory.

The courts in <u>Baker v. BDO Siedman, LLP</u>, 390 F. Supp. 2d 919, 925 (D. Cal. 2005), and <u>Cantwell v. Deutsche Bank Sec., Inc.</u>, No. 3:05-CV-1378-D, 2005 U.S. Dist. LEXIS 20597 (D. Tex. 2005), held in similar cases that remand was warranted because interpretation of federal law was not necessary to establish any of the plaintiffs' claims. In <u>Cantwell</u>, the defendants enticed the plaintiffs into entering into a similar tax strategy as the instant case, with assurances that the strategy would withstand scrutiny. <u>Id</u>. at *4. The defendants in that case had undisclosed fee sharing arrangements similar to those alleged in the instant case. <u>Id</u>. The plaintiffs in <u>Cantwell</u> agreed to a settlement with the IRS, and filed suit against the defendants with nearly identical claims to those in this case.[5] The court in <u>Cantwell</u> meticulously examined the complaint, analyzing each element of each claim to determine whether the interpretation of the federal statute was truly necessary for the plaintiffs to prevail. <u>Id</u>. at *11. The court found that each

---

[5]Cantwell's suit claimed: "breach of contract (or, alternatively, breach of the duty of good faith and fair dealing); breach of fiduciary duty; fraud; negligent misrepresentation and professional malpractice; and civil conspiracy."

9

claim could be established without determination of federal law, because plaintiffs also alleged other material omissions and misrepresentations, such as failing to disclose the fee sharing arrangements. Id. at *12. Thus, the court held that the disputed federal matter was not substantial. Id. at *13. In the instant case, as in Cantwell, there is no claim that necessarily requires the interpretation of federal law. Accordingly, there is no substantially disputed federal question in this case.

Moreover, even if the disputed federal issues were substantial, jurisdiction must be "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." Grable, 125 S. Ct. at 2367 (2005). While the present case is similar to Grable in that the correct interpretation of the federal tax law is a point of contention, the federal interest in that case is not analogous to the present case. In Grable, the regulation in question was in force, and the court's ruling would affect future interpretation of the law. Id. at 2368. In the present case, the government's interest in the correct interpretation of the notices is not as strong because the IRS notices in question have been replaced with regulations.

While plaintiffs' complaint may call into question the correct interpretation of federal tax law, defendants have not met their burden of showing this dispute is substantial and that removal would be consistent with the appropriate division of labor between state and federal courts.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' motion to remand is granted.

**ENTER:** **March 1, 2006**

_____
**Robert W. Gettleman**
**United States District Judge**